Daniel, Judge.
 

 The defendant’s counsel insisted in the Superior Court, that the plaintiff could not recover, because the action was for the
 
 tort
 
 of an agent, for which, he insisted, the principal was not liable. We are of opinion that the Judge correctly overruled this objection. It is true that the master is not liable for an actual trespass, which his servant may commit, without his previous command or subsequent assent,
 
 (McManners
 
 v. Cricket, 1 East. 107,) but a master is liable in an
 
 action on the case
 
 for the tortious acts.
 
 *243
 
 negligence or unskilfulness of a servant, acting in the cution of his service, or in the exercise of the authority he has given him, though not under his immediate direction 8 Durn & East. 188—1 L’d Ray.
 
 264
 
 —Croft v. Allison, Barn. & Ald. 590—Paley on Agency 295, (2d Amer. Edit.,)
 
 Bush
 
 v.
 
 Steenman,
 
 1 Bos. & Pul. 404. The declaration states that the defendant did wrongfully and negligently permit the plaintiff’s slave (without the assent of the plaintiff) to enter his stage coach, (in which he carried passengers for a. reward) and did carelessly and improperly transport the said slave from the county of Cabarrus to parts beyond the limits of this State; in consequence whereof the plaintiff sustained damage &c. The evidence was, that the defendant’s drivers and stage agents were guilty of gross negligence in taking the slave past Salisbury, (where her pretended pass was at an end) and permitting her to travel on in defendant’s stages to the State of Virginia. We think that the defendant was liable at common law to an action for the injury.
 

 plain/, ) recover ail i such damaas
 
 may
 
 ed the con‘ sequence ot the wrongíhé^lfend“/t3g 33£¡je his
 
 s&r~J
 

 Secondly, it was contended that, if the plaintiff could recover in this action, then the defendant should not be liable for
 
 all
 
 the damages she had sustained, in time lost and expenses incurred in sending an agent to Baltimore for the slave, as the slave left the defendant’s line at Prince Edward, in Virginia, and then entered on a different line, which conveyed her to Baltimore; and that the plaintiff could recover damages of the owner of the last line. On this point the Judge charged the jury that the plaintiff had a right to expect full compensation for all the injury sustained by the wrongful acts of the defendant’s servants in doing his ness, and to be placed in the same situation as she would have been in, if the defendant’s agents had not interfered: , i ° „ , ,
 
 '
 
 that the plaintiff had aright to recover ajl such damages, could properly be considered the consequence of the act the defendant’s agents, while in his service. We see nothing , . °
 
 1
 
 ^ erroneous m this charge; for the jury might fairly consider that the first wrongful act, done by the defendant’s servants, was the substantial cause of all the injury the plaintiff had sustained. We think the judgment must be affirmed.
 

 Per Curiam. Judgment of the Superior Court affirmed.